# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRANDON SPAIN, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> JANSSEN PHARMACEUTICALS, ) <br> INC., et al., ) <br> ) <br> Defendants. ) | No. 4:17-CV-1308 CAS |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants Janssen Pharmaceuticals, Inc., Johnson & Johnson Company, Janssen Research and Development, LLC, and Patriot Pharmaceuticals, L.L.C.'s motion to dismiss the claims of the out-of-state plaintiffs for lack of personal jurisdiction, or in the alternative, motion for more definite statement. Also before the Court are plaintiffs' motion to remand and motion to stay these proceedings. The motions are fully briefed and ripe for disposition.

### *I. Background*

On March 3, 2017, 87 plaintiffs filed this action in the Circuit Court of the City of St. Louis State of Missouri, alleging ten state law causes of action against defendants arising out of their manufacture and sale of the drug Risperdal/Invega ("Risperdal"). Plaintiffs, who are comprised of minor children, parents and/or guardians of minor children, and adult plaintiffs, allege that they have suffered serious injury and damages that were caused by Risperdal. They bring state law claims for negligence (Count I); fraud (Count II); strict product liability–failure to warn (Count III); strict product liability (Count IV); negligent misrepresentation (Count V); breach of express warranty

(Count VI); breach of implied warranty (Count VII); violation of Missouri Merchandising Practices Act (Count VIII); conspiracy (Count IX); and medical expenses incurred by parent (Count X).

Defendants removed the action to this Court on the basis of diversity jurisdiction. In their notice of removal, defendants aver "this removal does not in any way rely on the so-called 'fraudulent misjoinder' doctrine as explained in Kirkland v. Wyeth (In re Prempro Products Liability Litigation), 591 F.3d 613 (8th Cir. 2010)." Doc. 1 at 2 (emphasis in original). According to defendants, "the United States District Court for the Eastern District of Missouri, Eastern Division, has original subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among all properly joined and served parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs." Id. at 2-3.

It is undisputed that defendants are all citizens of New Jersey or Pennsylvania for the purposes of determining diversity. 28 U.S.C. § 1332(c)(1).[1] Plaintiffs are alleged to be citizens of the District of Columbia and the following 27 states: Missouri, New Jersey, Pennsylvania, Alabama, Arkansas, California, Florida, Georgia, Illinois, Indiana, Kentucky, Louisiana, Massachusetts,

---

[1] Defendant Janssen Pharmaceuticals, Inc. (formerly known as Ortho-McNeil-Janssen Pharmaceuticals, Inc., and as Janssen Pharmaceutica, Inc.), is a Pennsylvania corporation with its principal place of business in New Jersey. Defendant Johnson & Johnson Company is a citizen of New Jersey, where it is organized and where its principal place of business is located. Defendant Janssen Research & Development, LLC (formerly known as Johnson & Johnson Pharmaceutical Research & Development, LLC), is a New Jersey limited liability company, the sole member of which is Centocor Research & Development, Inc. Centocor Research & Development, Inc. is a corporation incorporated under the laws of Pennsylvania with its principal place of business in Pennsylvania. As Centocor Research & Development, Inc. is a Pennsylvania corporation, Janssen Research & Development, LLC, is a citizen of Pennsylvania for purposes of determining jurisdiction. See, e.g., GMAC Commerical Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004) (holding that "an LLC's citizenship is that of its members for diversity jurisdiction purposes"). Patriot Pharmaceuticals, L.L.C. is a Pennsylvania limited liability company, the sole member of which is Janssen Pharmaceuticals, Inc. Therefore, Patriot Pharmaceuticals, LLC is a citizen of Pennsylvania and New Jersey for purposes of determining jurisdiction.

2

Maryland, Maine, Minnesota, Mississippi, North Carolina, North Dakota, New York, Ohio, Rhode Island, South Carolina, Tennessee, Texas, Virginia, and Wisconsin. As there are plaintiffs from New Jersey and Pennsylvania, complete diversity does not exist on the face of the complaint.

Despite the lack of complete diversity on the face of the complaint, defendants assert that federal diversity jurisdiction exists because this Court does not have general jurisdiction over the defendants to hear plaintiffs' claims, and none of the out-of-state plaintiffs can establish specific personal jurisdiction over the defendants in Missouri. Defendants have filed a motion to dismiss the claims of all the out-of-state plaintiffs for lack of personal jurisdiction, and urge to the Court to address that motion first. According to defendants, granting the motion to dismiss is straightforward and will create complete diversity between defendants and the remaining Missouri plaintiffs. In the alternative, defendants argue that the citizenship of all non-Missouri plaintiffs should be disregarded because their claims were "fraudulently joined" in that these plaintiffs cannot establish personal jurisdiction over any defendant in any court in Missouri. Doc. 1 at 7-8, 18-20.

Plaintiffs move to remand the case to state court. Plaintiffs assert that there is a lack of complete diversity of the parties and no federal question is raised. Plaintiff note that judges in this District, including the undersigned, have remanded numerous similar multi-plaintiff actions involving the same product and same defendants. Plaintiffs urge the Court to follow these decisions and address the straightforward issue of subject matter jurisdiction before addressing personal jurisdiction, which is more complicated and fact dependent.

## II. Discussion

**A.     Order of Addressing Threshold Issues**

A federal court may not proceed in a case unless it has subject matter jurisdiction. See Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 764 (8th Cir. 2001). Certain threshold issues, however, such as personal jurisdiction, may be addressed without a finding of subject matter jurisdiction, "provided that the threshold issue is simple when compared with the issue of subject matter jurisdiction." Id. (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 588 (1999)). It is within the Court's discretion to determine whether to decide the issues of personal jurisdiction or subject matter jurisdiction first. Id. The Supreme Court in Ruhrgas acknowledged, however, that "in most instances subject-matter jurisdiction will involve no arduous inquiry" and "[i]n such cases, both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first." Id. at 587-88.

In the past, when presented with cases such as this, the undersigned has addressed the issue of subject matter jurisdiction first. See, e.g., Swann v. Johnson & Johnson, No. 4:14-CV-1546 CAS, 2014 WL 6850776, at *1 (E.D. Mo. Dec. 3, 2014). But since last taking up the issue, there have been two recent decisions from the United States Supreme Court and the Missouri Supreme Court addressing personal jurisdiction: Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S. F. Cnty.,137 S. Ct. 1773 (2017); and State ex rel. Norfolk S. Ry. Co. v. Dolan, 512 S.W.3d 41 (Mo. 2017) (en banc). Defendants argue that these two cases simplify the personal jurisdiction inquiry where there are multiple out-of-state plaintiffs and national defendants. Defendants contend that cases such as Swann, 2014 WL 6850776, at *1, are no longer good law, and they urge the Court to follow another case from this district where personal jurisdiction was addressed first. Siegfried v. Boehringer

4

Ingelheim Pharm., Inc., No. 4:16-CV-1942 CDP, 2017 WL 2778107, at *1-6 (E.D. Mo. June 27, 2017).

The Court does not agree that Bristol-Myers, 137 S. Ct. 1773, and State ex rel. Norfolk S. Ry., 512 S.W.3d 41, have changed the law established in Ruhrgas, 526 U.S. 574. It is still within the Court's discretion to decide which threshold issue to address first, taking into account which issue is simpler and can be decided more expeditiously. Ruhrgas, 526 U.S. at 587-88. The Court notes that even after Bristol-Myers, and State ex rel. Norfolk S. Ry., there has been no consensus in this District as to which issue to address first. See, e.g., Sheffield v. Janssen Pharm., Inc., No. 4:17-CV-1254 RLW, 2017 WL 5953104, at *1 (E.D. Mo. Nov. 29, 2017), reconsideration denied, No. 4:1-CV-1254 RLW, 2018 WL 280786 (E.D. Mo. Jan. 3, 2018) (addressing the issue of subject matter jurisdiction first, and remanding to state court for lack of diversity jurisdiction); Somerville v. Janssen Pharm., No. 4:17-CV-1307-RLW, 2017 WL 5903500, at *1 (E.D. Mo. Nov. 28, 2017), reconsideration denied, No. 4:17-CV-1307 RLW, 2018 WL 280787 (E.D. Mo. Jan. 3, 2018) (same).

The recent decisions by the United States Supreme Court and the Missouri Supreme Court may make the issue of personal jurisdiction easier to decide when there is no evidence that the out-of-state plaintiffs' claims arise out of defendants' contacts within this state, Siegfried, 2017 WL 2778107, at *1-6, see also Covington v. Janssen Pharms. Inc., No. 4:17-CV-1588 SNLJ, 2017 WL 3433611, at *5 (E.D. Mo. Aug. 10, 2017), but that is not necessarily the case here. In opposing defendants' motion to dismiss for lack of personal jurisdiction, plaintiffs maintain that they have evidence that the defendants generated and disseminated information about Risperdal and its use in children and adolescents both in and out of Missouri. Plaintiffs also state that they have evidence the defendants partnered with Washington University School of Medicine in St. Louis to conduct

Risperdal studies, and subsequently used the findings of those sponsored studies to aid the defendants in nationwide marketing efforts. Plaintiffs also assert they have evidence that "[d]efendants recruited Missouri neurologists, psychiatrists, and pediatricians to participate in targeted market research in Missouri, and used this market research specifically to identify the key messages that would effectively communicate to doctors the supposed benefits of using Risperdal in pediatric and adolescent patients with autism and severe behavioral issues." Doc. 20 at 4. Plaintiffs' counsel asserts that much of this evidence was learned during discovery in other cases involving Risperdal, and documents verifying the information is subject to a protective order. Plaintiffs ask that they be allowed to conduct jurisdictional discovery if the Court chooses to address the issue of personal jurisdiction first. Defendants did not respond to these assertions or arguments.

In light of these assertions, the Court finds the issue of personal jurisdiction is not so straightforward as defendants contend. It is these sorts of contacts that might subject defendants to personal jurisdiction within a state, even under the recent cases. See Bristol-Myers, 137 S. Ct. at 1778 (noting that the defendants had not "develop[ed] Plavix in California, did not create a marketing strategy for Plavix in California, and [did] not . . . work on regulatory approval of the product in California."). Therefore, the Court will, in its discretion, address the issue of subject matter jurisdiction first. The Court believes the issue of subject matter jurisdiction is a more straightforward legal issue that has already been addressed by judges in this district, including the undersigned.

### B.  Subject Matter Jurisidiction

The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). s Removal

6

statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997).

A state civil action may be removed to the proper district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). "Federal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs." Manning v. Wal–Mart Stores East, Inc., 304 F. Supp.2d 1146, 1148 (E.D. Mo. 2004) (citing 28 U.S.C. § 1332(a)(1)). Actions where jurisdiction is predicated solely on diversity are "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The diversity jurisdiction statute has also been interpreted to require complete diversity, which means that "diversity jurisdiction does not exist unless each defendant is a citizen of a different state from each plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978).

It is undisputed that the parties in this case are not diverse and diversity jurisdiction does not exist. The Court further finds that defendants fail to establish fraudulent joinder based on the purported lack of personal jurisdiction. Gracey v. Janssen Pharm., Inc., No. 4:15-CV-407 CEJ, 2015 WL 2066242, at *3 (E.D. Mo. May 4, 2015) (declining to apply doctrine of fraudulent joinder because "defendants are not asking the Court to assess the out-of-state plaintiffs' claims to determine if the plaintiffs have a cause of action under substantive state law"); T.R. v. Janssen Pharms., 4:16-CV-1860 CEJ, 2017 WL 492827, at *2 (E.D. Mo. Feb. 7, 2017) ("Courts in this district have repeatedly held that an alleged lack of personal jurisdiction does not establish fraudulent joinder.").

7

See also Cooks v. Janssen Pharm., Inc., No. 4:17-CV-1302 AGF, 2017 WL 2189466, at *1 (E.D. Mo. May 18, 2017); Simpson v. Janssen Pharm., Inc., No. 4:17-CV-1314 AGF, 2017 WL 2189467, at *1 (E.D. Mo. May 18, 2017).

The Court will follow the established line of removed cases in this District involving the drug Risperdal, the same defendants, and the same issues, and remand this case to state court for lack of subject matter jurisdiction. See, e.g., Sheffield, 2017 WL 5953104, at *1; Somerville, 2017 WL 5903500, at *1; Cooks, 2017 WL 2189466, at *1; Simpson, 2017 WL 2189467, at *1; Reese v. Janssen Pharms., Inc., No. 4:17-CV-1317 JAR, 2017 WL 1954635, at *2 (E.D. Mo. May 11, 2017); Lawson v. Janssen Pharms., Inc., No. 4:17-CV-1300 JCH, 2017 WL 1684750, at *2 (E.D. Mo. May 3, 2017); Ackerson v. Janssen Pharms., No. 4:17-CV-1303 JCH, 2017 WL 1684763, at *2 (E.D. Mo. May 3, 2017); Thomas v. Janssen Pharms., Inc., No. 4:17-CV-1298 RWS, slip op. at 2 (E.D. Mo. May 2, 2017); Robinson, et al., v. Janssen Pharms., Inc., 4:17-CV-862 JCH, slip op. at 3 (E.D. Mo. April 10, 2017); T.R., 2017 WL 492827, at *2; Triplett v. Janssen Pharms., Inc., No. 4:14-CV-2049 AGF, slip op. at 3 (E.D. Mo. July 7, 2015); Gracey, 2015 WL 2066242, at *3; Clayton v. Ortho-McNeil-Janssen Pharms. Inc., 4:14-CV-1927 JAR, 2015 WL 11658701, at *2 (E.D. Mo. Apr. 16, 2015); Morgan v. Janssen Pharms., Inc., No. 4:14-CV-1346 CAS, 2014 WL 6678959, at *2 (E.D. Mo. Nov. 25, 2014); Butler v. Ortho-McNeil-Janssen Pharms., Inc., No. 4:14-CV-1485 RWS, 2014 WL 5025833, at *1 (E.D. Mo. Oct. 8, 2014). But see Covington, 2017 WL 3433611, at *5.

The Court finds it does not have subject matter jurisdiction to hear this case, and it remands to the Circuit Court of the City of St. Louis. A ruling on the motion to remand does not preclude defendants from raising the issue of personal jurisdiction in state court, including the recent decisions of Bristol-Myers, 137 S. Ct. 1773, and State ex rel. Norfolk S. Ry., 512 S.W.3d 41. The

Missouri courts are fully equipped to address the issue of personal jurisdiction in this case under the state's long arm statute. Ruhrgas, 526 U.S. at 588 (instructing district court to be sensitive of the state courts' "coequal stature").

### *III. Conclusion*

The Court finds that it lacks subject matter jurisdiction to hear this case, as the parties are not diverse. The Court remands this case to state court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand is **GRANTED**. [Doc. 8]

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Leave to File Supplemental Authority is **GRANTED**. [Doc. 21]

**IT IS FURTHER ORDERED** that all other motions are **DENIED without prejudice as moot**. [Docs. 4, 10]

An appropriate Order of Remand will accompany this Memorandum and Order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  5th  day of March, 2018.